# NEW JERSEY MISCELLANEOUS REPORTS. 377

N. J. Dept. Labor—Parmelee v. Hercules Powder Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

PAUL L. PARMELEE, PETITIONER, v. HERCULES POWDER
COMPANY, RESPONDENT.

**Alleged Accident at First Diagnosed as Rheumatism—Statement
Made at Time to Immediate Superior Not to be Construed
as Due Notice—No Other Notice Within Statutory Time—
Case Dismissed.**

On determination of facts and judgment.

For the petitioner, *John M. Mills.*

For the respondent, *John A. Graves.*

\*    \*    \*    \*    \*    \*    \*    \*    \*

The facts show that the petitioner, Paul L. Parmelee, was
in the employ of the respondent during February, March and
April, 1925, at the respondent's plant, located at Kenvil, New
Jersey, at the rate of thirty-two dollars and sixteen cents
($32.16) per week; that from the petitioner's testimony he
suffered an injury in 1920, causing what is termed "sacro-
iliac luxation;" that he had a recurrence of discomfort there-
from in subsequent years on several occasions; that in the
early part of February, 1925, he was engaged on respondent's
plant in moving a heavy piece of machinery, and that, due
to a strain, he received the injury herein complained of;
that after his work was completed, he stated to one Sweeney,
his immediate superior, "I said it was a very heavy lift and
quite a strain carrying it in;" that thereafter he visited his
physician, Dr. Plume, who treated him for a considerable time
under the diagnosis of rheumatism, and that he gave no
written or other statutory notice to his employer, within the
time prescribed by the act, of any injury received by him in
the course of his employment. Petitioner testified, further,
that he always believed he was suffering from rheumatism,
and never knew that his injury might have been due to an

accident in the course of his employment until he received the advice of physicians whom he employed after he was treated by Dr. Plume, and that he then thought that the injury occurred by reason of various strains during February, March and April, 1925, but finally concluded that his trouble was due to the lifting of said machinery.

Dr. Mills, called on behalf of petitioner, testified that petitioner was suffering with sacro-iliac luxation, and described the injury as a fracture of the sacrum (a composite bone formed by the union of the vertebræ between the lumbar and caudal regions, constituting the dorsal part of the pelvis), and the ilium, which is an expanded part of the hip bone, these two bones, in a person of mature age, being united to form, in effect, an integral part; that petitioner, with proper treatment, would suffer no permanent disability; that he was unable to state how great a strain it would take to cause such an injury; that it might occur from slight exertion when the body was in certain positions; that, in his opinion, the old injury had completely healed, callous having formed around the break to effect a firm union and render the bone as stable as it was in its original condition, and that, in his opinion, petitioner's disability was not related to the 1920 injury, but was a distinct and new break in the bone.

The petitioner then rested his case.

The assistant plant superintendent at respondent's works, called on behalf of respondent, testified that, according to his recollection, the petitioner did not complain to him at the time he carried the machinery, as aforesaid, and likewise, respondent's general foreman, and the electrical foreman, testified to substantially the same effect.

Said witnesses testified, further, that petitioner did not notify them at any time that he had received an injury in the course of his work, but, on the contrary, had stated to them that he was suffering from rheumatism and gave that as his reason for discontinuing work on April 12th, 1925.

I conclude that there was no notification of an accident by petitioner to respondent within the statutory period, and certainly not at the time of the alleged occurrence. The con-

versation that most nearly may be claimed to give the proper notice is that of petitioner to Sweeney—"I said it was a very heavy lift and quite a strain carrying it in." I fail to find in the testimony any definite notice, and I do not feel that the above testimony of petitioner of his conversation to Sweeney could be construed as such a notification, or as actual knowledge of the happening of an accident, for it is a matter of common knowledge that people work under great difficulties and under stress without necessarily meeting with an accident. Another significant fact is that petitioner did not, apparently, give any history of an accident on his first visit to Dr. Plume, as is evidenced by Dr. Plume treating him for a considerable time under the diagnosis of rheumatism. If an employe strains himself, knowledge thereof is usually confined solely to himself, with no outward evidence thereof, and it is encumbent upon an employe in such cases to notify his employer within the period prescribed by the statute, it being impossible for the employer to acquire knowledge thereof unless the strain results in an injury causing prostration or other like effect, which it did not do in this case. Petitioner's statement to his foreman does not constitute "actual knowledge" by the employer of the occurrence of an injury. It was a mere remark, not that petitioner had been injured, but that it was "quite a strain carrying it in." Remarks are not sufficient to charge an employer with "actual knowledge." He must have real and certain knowledge of the injury independent thereof in order to have "actual knowledge." If petitioner did strain himself at the time alleged, it was known only to himself, as he went right on about his work thereafter until April, 1925, and, apparently, was not aware that he was injured in February, 1925, when he swore to his petition, for he then stated the accident happened in February, March and April, 1925, and, apparently, it was only between that date and the date of the hearing that he came to the conclusion that the injury happened in February, 1925. Petitioner gave no written or other notice of the time and place of the happening of the alleged injury until the afternoon of the hearing, to wit, on December 8th, 1925.

I, therefore, do find and determine from the evidence as follows:

Respondent having no "actual knowledge" of the happening of an accident as alleged by petitioner and as required by section 15 of the Workmen's Compensation act, and petitioner having failed to notify respondent of said alleged accident or injury within the statutory period, the claim petition herein must be dismissed.

Wherefore, it is on this 15th day of February, A. D. 1926, order that judgment final be entered in favor of respondent, Hercules Powder Company, and against the petitioner, Paul L. Parmelee, and that claim petition No. 4312 is hereby dismissed, and compensation is hereby disallowed.

HARRY J. GOAS,
*Deputy Commissioner.*